THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DEWANDA ROBINSON                         *    CIVIL ACTION NO. 06-1480

Versus                                   *    JUDGE JAMES

CHRISTOPHER DURNEY, ET AL.               *    MAGISTRATE JUDGE HAYES

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is

Defendant Durney's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to

F.R.C.P. Rule 12(b)(1) (document No. 9).  The motion is opposed (document No. 13).  For the

reasons stated below, it is recommended that the motion be **GRANTED**.

## Background

This action arises from injuries allegedly sustained in an automobile accident involving

Plaintiff and defendant Durney on August 31, 2005.  Plaintiff filed suit under the Federal Tort

Claims Act ("FTCA") and the complaint named Christopher Durney, the United States of

America (through the Department of the Army and through the Department of the Air Force),

and the State of Louisiana as defendants.  It alleged that Durney was a member of the United

States Armed Forces and was operating a vehicle registered to the United States Air Force at the

time of the accident. In addition, in response to the plaintiff's opposition to the motion,

complaining that the Attorney General had not certified that Durney was a federal employee

acting in the course and scope of his employment at the time of the accident, the United States

Attorney for the Western District of Louisiana has now certified that Durney was acting within

the course and scope of his employment for the United States at the time of the incident.  (Reply

Brief, Exhibit "A").

Plaintiff submitted her complaint to the appropriate administrative agency, and it is undisputed that more than six months passed without a reply from the agency before Plaintiff filed her complaint in this Court.

Durney's motion to dismiss is premised on the argument that this Court lacks subject matter jurisdiction because a federal employee, acting within the course and scope of his employment, is not a proper party to an FTCA complaint.

### Law and Analysis

A court must grant a motion to dismiss for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).  Lack of subject matter jurisdiction may be found through any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) citing *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996).  The burden of proof for a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction. *Broussard v. U.S.*, 989 F.2d 171 (5th Cir. 1993).

The subject matter jurisdiction of this Court and tort liability of the United States rests entirely upon the waiver of sovereign immunity under the FTCA.  28 U.S.C. §§ 1346(b), 2671-2680.  Pursuant to the FTCA, any action brought against a federal employee who was in the course and scope of his employment at the time of the incident out of which the claim arose, shall be deemed an action against the United States and the United States shall be substituted as the

defendant party.  28 U.S.C. § 2679(d)(1); *See also Hebert v. U.S.*, 438 F.3d 483, 485 (5th Cir. 2006); *Williams v. U.S.*, 71 F.3d 502, 507 (5th Cir.1995).

However in cases such as this, in which the United States has already been named as a defendant, the proper procedure is to dismiss the individual defendant. 28 U.S.C. 2679(d). Because the United States' Attorney has certified that Durney was acting within the course and scope of his employment with the United States at the time of the accident in question, and because the United States is already a party to this action, Durney should simply be dismissed as a party to these proceedings.

Therefore, it is recommended that the motion to dismiss be **GRANTED and that Durney be dismissed from this matter for lack of subject-matter jurisdiction**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of July, 2007.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE