THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **DEWANDA ROBINSON** | * | **CIVIL ACTION NO. 06-1480** |
| **Versus** | * | **JUDGE JAMES** |
| **CHRISTOPHER DURNEY, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is Defendant, the State of Louisiana's motion to dismiss for lack of subject matter jurisdiction. [doc. # 3].[1]  The motion is opposed. [doc. #s 5-6, 23].  For the reasons stated below, it is recommended that the motion be **GRANTED**.

### Background

This action arises from injuries allegedly sustained by Dewanda Robinson as a result of an August 31, 2005, automobile accident with a U.S. serviceman, Christopher Durney.  On August 29, 2006, Robinson filed the instant suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.  Made defendants were Christopher Durney, the United States of America (through the Department of the Army and through the Department of the Air Force), and the State of Louisiana.[2]  The complaint alleges that Durney was a member of the United States Armed Forces and was operating a vehicle registered to the United States Air Force at the time of the accident.  Plaintiff further alleges that the State of Louisiana is liable for the actions of

---

[1] Movant indicated that the motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  However, a motion to dismiss for lack of subject matter jurisdiction is considered under Federal Rule of Civil Procedure 12(b)(1).

[2] Plaintiff's claims against Durney were subsequently dismissed, without prejudice, for lack of subject matter jurisdiction.  (August 24, 2007, Judgment).

Durney to the extent that the United States (through the Department of the Army and through the Department of the Air Force) will rely on the Interstate Emergency Preparedness and Disaster Compact, Louisiana Revised Statute 29:733, *et seq*.  (Complaint, ¶ V).  However, the United States Attorney for the Western District of Louisiana has since certified that Durney was acting within the course and scope of his employment for the United States at the time of the incident. (doc. # 15, Exh. A).

On December 5, 2006, this case was stayed pending defendant, Durney's deployment with the U.S. military.  (December 5, 2006, Electronic Order).  On February 9, 2007, the State of Louisiana filed the instant motion to dismiss for lack of subject matter jurisdiction on the basis of Eleventh Amendment Immunity.  Due to the stay, the motion to dismiss was denied, subject to defendant's right to re-urge the motion once the stay was lifted.  (March 12, 2007, Memorandum Order).  The stay was subsequently lifted, and upon the State's motion, the motion to dismiss was reset before the undersigned.  (September 5, 2007, Order).  On September 14, 2007, plaintiff filed a response to the motion.  The matter is now before the court.

## Law and Analysis

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).  The party seeking to invoke jurisdiction bears the burden of demonstrating its existence.  *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an

action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)(citation omitted). An action may be dismissed for lack of subject matter jurisdiction on any one of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

The State seeks dismissal on the basis of Eleventh Amendment immunity. It is well settled that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted). Furthermore, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684,687-688 (1993) (citations omitted). The Eleventh Amendment bars suits for both money damages and injunctive relief against a state entity. *Darlak, supra*. It also precludes state law claims brought against the State and its departments (in federal court). *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997).'

Plaintiff contends that the State waived its Eleventh Amendment immunity by entering into the Interstate Emergency Preparedness and Disaster Compact, Louisiana Revised Statute 29:733, *et seq*., thus authorizing the United States to implead the State. However, a state does not waive its sovereign immunity by joining an "interstate compact." *See, Jackson v. United States*, 114 F.3d 1187, 1997 WL 321123 (6th Cir. 6/11/1997) (unpubl.). Moreover, even

if by joining the compact the state waived its immunity from suit by the United States, plaintiff cites no authority for the proposition that in so doing, the state waived its immunity from suits brought by one of its own citizens in federal court.[3]

Plaintiff further contends that the court may exercise supplemental jurisdiction over her claims against the State. 28 U.S.C. § 1367. However, she does not identify any competent authority to support the notion that the supplemental jurisdiction statute abrogated the states' Eleventh Amendment immunity. The undersigned is also unaware of any such authority.

For the reasons set forth above,

IT IS RECOMMENDED that defendant, State of Louisiana's motion to dismiss for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity [doc. # 3] be GRANTED, and that plaintiff's claims against the State of Louisiana be DISMISSED, without prejudice. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[3] "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana *state* court." La. R. S. 13:5106(A) (emphasis added).

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of September, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE